UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE BROWN,

           Petitioner,

                                 CASE NO. 4:13-CV-13034

   v.                         JUDGE TERRENCE G. BERG

                                 MAGISTRATE JUDGE PAUL J. KOMIVES

MARY BERGHUIS,

           Respondent.

_____/

## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.     *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.     *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     D.     *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
           1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
           2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     E.     *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . 15
           1.     *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
           2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
     F.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

\*      \*      \*      \*      \*

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

       1.      Petitioner Jimmie Lee Brown is a state prisoner, currently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan.

       2.      On November 19, 2010, petitioner was convicted of possession of a firearm by a felon,

MICH. COMP. LAWS § 750.224f, pursuant to his guilty plea in the Wayne County Circuit Court.  On December 20, 2010, he was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a term of 8-20 years' imprisonment.

3.      Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING, FOR THE REASON THE PLEA WAS ILLUSORY.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the ground presented."  *People v. Brown*, No. 307786 (Mich. Ct. App. Feb. 21, 2012).

4.      Petitioner sought leave to appeal this issue to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Brown*, 491 Mich. 946, 815 N.W.2d 435 (2012).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on July 16, 2013.  As grounds for the writ of habeas corpus, he raises the following claims:

> I.      PETITIONER WAS DEPRIVED OF RIGHT OF DUE PROCESS WHERE THE TRIAL COURT DENIED HIS MOTION TO WITHDRAW HIS GUILTY PLEA.
>
> II.     PETITIONER WAS DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW WHERE HE WAS INDUCED TO ACCEPT ILLUSORY PLEA.
>
> III.    PETITIONER WAS DEPRIVED OF HIS RIGHT OF DUE PROCESS WHERE THE TRIAL COURT FAILED TO OBSERVE THE FUNDAMENTAL FAIRNESS ESSENTIAL TO THE CONCEPTS OF JUSTICE AND EMBODIMENT TO FAIR PLAY.

Although presented as three separate claims, each of petitioner's arguments mirror the arguments made in his state court application for leave to appeal, namely, that his plea was involuntary because

2

it was based on an illusory bargain and that the trial court erred in failing to allow him to withdraw his plea.

6.      Respondent filed her answer on January 22, 2014.  She contends that petitioner's claims are without merit.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from a June 28, 2009, traffic stop by Detroit police officers, during which the officers discovered petitioner in possession of a gun.  At the preliminary examination, Officer William Zeolla testified that he activated his lights and sirens after observing a van traveling at a high rate of speed.  The van eventually pulled into a driveway.  Zeolla approached from the passenger side, observing petitioner as the sole occupant of the van.  Zeolla heard Officer Skender, with whom he was on patrol, yell "gun."  Zeolla drew his weapon as Officer Skender removed petitioner from the van and placed him under arrest.  In the van was a long gun that appeared to be an assault rifle.  *See* Preliminary Exam. Tr., at 11-17.  Officer Jason Kyle testified that he observed Officer Zeolla effecting the traffic stop, and pulled in behind Zeolla's vehicle to offer assistance.  He walked over to the passenger side of the van.  While there, he heard Skender yell "gun," and observed a semi-automatic rifle between the front seats of the van.  After petitioner was removed from the vehicle and placed under arrest, Kyle secured the weapon.  *See id*. at 23-27.

Based on these facts, petitioner was charged in an amended information with three counts: (1) possession of a loaded firearm in a vehicle, MICH. COMP. LAWS § 750.227c; (2) felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and (3) possession of a firearm during the commission of a felony (felony-firearm), third offense, MICH. COMP. LAWS § 750.227b(1).  Petitioner filed a motion to suppress, challenging the legality of the stop and seizure.  After conducting an

evidentiary hearing, the trial court denied the motion, concluding that the stop comported with the Fourth Amendment and that the weapon was in plain view of the officers effecting the traffic stop. *See* Evid. Hr'g Tr., at 72.  On November 19, 2010, the date set for a pretrial hearing, the parties entered into a plea agreement.  Pursuant to the agreement, petitioner would plead guilty to the felon-in-possession charge and acknowledge his status as a fourth habitual offender, in exchange for dismissal of the possession in a vehicle and felony-firearm charges, as well as dismissal of another pending case.  The parties agreed to a sentence of 8-20 years' imprisonment.  *See* Pretrial Tr., dated 11/19/10, at 4.  Upon questioning from the court, petitioner indicated that he understood the terms of the agreement.  *See id*. at 5.  Petitioner denied that any other promises had been made to induce his plea.  *See id*. at 6.  The court explained that by pleading guilty, petitioner faced a potential sentence of up to five years' imprisonment on the felon-in-possession charge, with a potential enhancement of up to life imprisonment based on his status as a fourth habitual offender.  Petitioner indicated that he understood the potential sentences.  *See id*.  The trial court informed petitioner of the rights he was waiving by pleading guilty, and petitioner indicated that he understood each of his rights and that he was waiving them by pleading guilty.  *See id*. at 6-9.  Petitioner again indicated that no promises outside the plea agreement had been made to him, and that nobody had threatened or coerced him into pleading guilty.  *See id*. at 9-10.  Petitioner admitted that he possessed a gun in his car, that he had a previous felony conviction, and that his right to possess a firearm had not been restored.  *See id*. at 10-11.  Both the prosecutor and defense counsel stated that they were unaware of any promises, threats, or inducements.  *See id*. at 11.  The trial court accepted petitioner's plea, concluding that it was knowingly and voluntarily entered by petitioner.  *See id*. at 12-13.

At the time of sentencing, petitioner moved to withdraw his plea, arguing that the plea bargain

was illusory.  Counsel argued that because petitioner had never been sentenced for felony-firearm, second offense, he could not properly be charged with felony-firearm third offense.  *See* Sentence Tr., at 2-4.  As to the latter offense, petitioner faced a potential mandatory consecutive term of ten years' imprisonment, whereas if he was charged with felony-firearm, second offense, he faced only a mandatory consecutive term of five years' imprisonment.  *See* MICH. COMP. LAWS § 750.227b(1).  Because of this, counsel argued, the bargain entered into by petitioner was illusory.  *See* Sentence Tr., at 3-4.  The prosecutor argued that although petitioner had never been sentenced on felony-firearm, second offense, he did in fact have two prior felony-firearm convictions, and this is all that was required to properly charge him with felony-firearm, third offense.  The prosecutor presented to the court two certified copies of sentence commitments, and argued:

> What's looked at is the previous conviction.  The Defendant, in fact, has two previous felony firearm convictions.  It indicates here, as well as in the P.S.I. that was offered before the Court, that the Court, myself, and Mr. Tuddles reviewed, that there is two separate case numbers, two separate felony firearm convictions, so we're of the position that the plea was not illusory and, furthermore, he's not even pleading for felony firearm third but, in fact, this is a true – the original charge is a true felony firearm third because there are two previous felony firearm convictions.

*Id*. at 5.  The trial court denied petitioner's motion to withdraw his plea, reasoning:

> I did review the two commitments in the two 1993 cases in which Mr. Brown was convicted of felony firearm in conjunction with an assault to commit great bodily harm less than murder and felony firearm in a robbery armed case.
>
> Those are two separate cases with their own respective case numbers, and it is the position of this Court that while he may have served the two felony firearm convictions concurrent to each other, they still represent two prior convictions for the offense of felony firearm, M.C.L. 750.227 B, thereby rendering the charges in the instant matter, the third Count was properly third or subsequent notice for felony firearm, and as a part of the agreement that charge is being dismissed, and the sentence agreed upon for the instant matter was eight to twenty years on possession of a firearm by a felon as a fourth habitual offender, which being an habitual fourth offender, the Defendant could be sentenced up to life imprisonment.
>
> I do not find that the agreement as set forth between Mr. Brown and the People that was dated November 19th, 2010, to be illusory in any fashion, therefore,

the motion to allow Mr. Brown to withdraw his plea will be denied.

*Id*. at 6-7.  The court then sentenced petitioner to a term of 8-20 years' imprisonment, consistent with the agreement reached by the parties.  *See id*. at 8-9.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

6

U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'

In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

The deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than

8

the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's application for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denial was "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

D.    *Discussion*

Petitioner contends that his plea was involuntary because it was based on an illusory plea bargain, and that the trial court erred in failing to allow him to withdraw his plea. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.    *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17

F.3d at 153.  A solemn declaration of guilt by the defendant carries a presumption of truthfulness.

*See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

"The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible."

*Blackledge*, 431 U.S. at 74.  Where the defendant "was fully aware of the likely consequences when

he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]"  *Mabry v.*

*Johnson*, 467 U.S. 504, 511 (1984).  Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused
> person, who has been advised by competent counsel, may not be collaterally attacked.
> It is also well settled that plea agreements are consistent with the requirements of
> voluntariness and intelligence--because each side may obtain advantages when a
> guilty plea is exchanged for sentencing concessions, the agreement is no less
> voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).  Petitioner does not contend that he was coerced into pleading guilty

or that the decision was not his own, nor could he given that he stated at the plea hearing that he had

not been threatened or coerced into pleading guilty.  *See Blackledge*, 431 U.S. at 74 ("Solemn

declarations in open court carry a strong presumption of verity.  The subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions

that in the face of the record are wholly incredible.").  As a number of Judges of this Court have

observed:

> When a petitioner brings a federal habeas petition challenging his plea of
> guilty (or no contest), the state generally satisfies its burden by producing a transcript
> of the state court proceedings showing that the plea was made voluntarily. The factual
> findings of a state court that the guilty plea was properly made are generally accorded
> a presumption of correctness. Petitioner must overcome a heavy burden if the federal
> court is to overturn these findings by the state court. . . . Additionally, a habeas
> petitioner bears a heavy burden of rebutting the presumption that his or her guilty
> plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

      2.    *Analysis*

Petitioner does not contend that his plea was involuntary because he was not informed of the nature of the charges, the potential sentences he faced, or the rights he was waiving by pleading guilty. Nor does he contend that his plea was involuntary because it was the result of undue pressure or coercion. Rather, petitioner contends only that his plea was involuntary because it was based on an illusory agreement. Specifically, he contends that he was not subject to being charged for felony-firearm, third offense, and thus the prosecutor's agreement to dismiss this charge was illusory. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

Petitioner's illusory plea claim founders at the outset, because he cannot show that he was improperly charged with felony-firearm, third offense. The trial court rejected petitioner's claim that he could not be charged with third offense because he had never been sentenced for felony-firearm, second offense, concluding as a matter of state law that it was sufficient that petitioner in fact had two prior felony-firearm convictions. It is well established that federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is equally well established

11

that "[w]hich acts constitute the elements of a state crime is a question generally answerable only by the state legislature and state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("This Court ... repeatedly has held that state courts are the ultimate expositors of state law . . . .")).  "'What is essential to establish an element, like the question whether a given element is necessary, is a question of state law.'" *Sanford v. Yukins*, 288 F.3d 855, 861 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). Thus, petitioner cannot challenge here the trial court's conclusion that petitioner's two prior felony-firearm convictions rendered him subject to prosecution for felony-firearm, third offense.

Nor, in any event, can petitioner show that the trial court erred in making this determination. The felony-firearm statute provides, in relevant part:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years.
> (2) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

MICH. COMP. LAWS § 750.227b.  Paragraph (1) does not require that a person previously have been sentenced to the mandatory five year term for a second conviction before he can be sentenced to a mandatory ten year term for a third conviction.  All that the language of the statute requires is that the defendant's conviction be "a third or subsequent conviction under this subsection."  There is no dispute that, had petitioner been convicted of felony-firearm after trial, it would have been his "third . . . conviction under" § 750.227b(1).  *Cf. People v. Stewart*, 441 Mich. 89, 95, 490 N.W.2d 327, 330 (1992) ("[W]e hold that a defendant may be convicted of felony-firearm (third offense) if the third

12

offense is preceded by two convictions of felony-firearm, and both prior felony-firearm convictions have arisen from separate criminal incidents.").

Moreover, even if petitioner ultimately could not have been convicted of felony-firearm, third offense, this fact alone would not render his plea illusory or involuntary. An illusory plea bargain is one which offers no real benefit to the defendant. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). A plea is not illusory where the defendant "received a real, tangible benefit in consideration for the plea." *Jones v. Prelesnik*, No. 2:08–CV–14126, 2011 WL 1429206, at * (E.D. Mich. Apr. 14, 2011) (Zatkoff, J.) (citing *Daniel v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich.1994)). Here, even if petitioner was not properly charged with felony-firearm, third offense, he received a real, tangible benefit in consideration for his plea. He obtained dismissal of several other charges, including what would have been a clearly proper charge of felony-firearm, second offense carrying a mandatory consecutive term of five years' imprisonment. Further, although subject to a potential sentence of life imprisonment as a fourth habitual offender, petitioner received a bargained for sentence of 8-20 years' imprisonment. Nor is his plea rendered involuntary because it was based on his fear of a 10 year consecutive sentence under the (in his view) improper felony-firearm, third offense charge. As the Supreme Court has explained, a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady*, 397 U.S. at 751. The Court in *Brady* did explicitly "make no reference to the situation where the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty," *id*. at 751 n.8, but there is no evidence that the

13

prosecutor deliberately employed his charging discretion to induce petitioner's plea.  As noted above, there was a valid basis for the prosecutor to argue that petitioner's possession of a firearm during the commission of a felony was his third such offense under § 750.227b.  "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion."  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Finally, petitioner is not entitled to relief based on his assertion that the trial court violated state law in denying his motion to withdraw his plea.  As noted above, federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea.  *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979).  Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

In short, petitioner cannot show that he was improperly charged with felony-firearm, third offense, and thus he cannot show that his plea premised in part on dismissal of that charge was illusory and involuntary.  Moreover, even if the felony-firearm, third offense charge was improper, petitioner cannot show that his plea was illusory because he still received a substantial, tangible benefit in exchange for his plea.  Accordingly, the Court should conclude that petitioner is not

14

entitled to habeas relief.

E.      *Recommendation Regarding Certificate of Appealability*

    1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. §

2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  It is beyond dispute that the state court's conclusion that petitioner was properly charged with felony-firearm, third offense.  Further, it is clear that even if this charge was improper, petitioner nonetheless received a substantial benefit in exchange for his guilty plea.  Based on these reasons, the conclusion that petitioner's plea was neither illusory nor involuntary is not reasonably debatable.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

F.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of

16

petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: April 28, 2014                           s/Paul J. Komives_____
                                                       PAUL J. KOMIVES
                                                       UNITED STATES MAGISTRATE JUDGE

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 28, 2014.

s/ Kay Doaks
Case Manager